```
                                                                         FILED
             UNITED STATES DISTRICT COURT                              AUG 31 2011
             FOR THE DISTRICT OF COLUMBIA                         Clerk, U.S. District & Bankruptcy
                                                                  Courts for the District of Columbia
```

Audrey Carter,              )
                            )
         Plaintiff,         )
                            )
    v.                      )     Civil Action No.    11 1580
                            )
                            )
General Martin Dempsey, et al., )
                            )
         Defendants.        )

## MEMORANDUM OPINION

This matter is before the Court on its review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of an action "at any time" the Court determines that it lacks subject matter jurisdiction).

Plaintiff is a resident of Burlington, New Jersey, suing a number of high-level military officials, Attorney General Eric Holder, the FBI, the CIA, "Congress," the Los Angeles Times and the "Dailey News." Compl. Caption. She alleges, *inter alia*, that the government discriminated against her and "men and woman [sic] of the military by not allowing [her] to pass off information as a Good Samaritan to protect and allow equal treatment to all military." Compl. at 1. Plaintiff seeks injunctive relief "to have the government stop ignoring the troops' complaints [and to] provide them with a mediator Activist Audrey Carter or a named party to assist them with military complaints, issues and needs." *Id.* She also seeks an investigation of issues she allegedly set forth in a letter to General Martin Dempsey dated June 27, 2011. Finally, plaintiff seeks $9,999 for violations of the "Good Samaritan Law, while trying to help the troops . . . ." *Id.*

(N)

3

The allegations of the complaint "constitute the sort of patently insubstantial claims" that deprive the Court of subject matter jurisdiction. *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009); *see Caldwell v. Kagan*, ___ F. Supp.2d ___, 2011 WL 1460432, at * 1 (D.D.C. Apr. 18, 2011) ("A district court lacks subject matter jurisdiction when the complaint 'is patently insubstantial, presenting no federal question suitable for decision.' ") (*quoting Tooley*, 586 F.3d at 1009). In addition, plaintiff has not established her standing to sue on behalf of members of the United States military, and "[t]he defect of standing is a defect in subject matter jurisdiction." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987). Finally, a claim for monetary damages against the United States is cognizable under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 *et seq.* Such a claim is maintainable, however, only after the plaintiff has exhausted administrative remedies by "first present[ing] the claim to the appropriate Federal agency. . . ." 28 U.S.C. § 2675. Plaintiff has not indicated that she exhausted her administrative remedies, and the exhaustion requirement is jurisdictional. *See GAF Corp. v. United States*, 818 F.2d 901, 917-20 (D.C. Cir. 1987); *Jackson v. United States*, 730 F.2d 808, 809 (D.C. Cir. 1984); *Stokes v. U.S. Postal Service*, 937 F. Supp. 11, 14 (D.D.C. 1996); *see also Abdurrahman v. Engstrom*, 168 Fed.Appx. 445, 445 (D.C. Cir. 2005) (per curiam) ("[T]he district court properly dismissed case [based on unexhausted FTCA claim] for lack of subject matter jurisdiction."). Accordingly, this case will be dismissed for want of jurisdiction. A separate Order accompanies this Memorandum Opinion.

Date: August 16, 2011

United States District Judge